Filed 7/2/24  In re C.W. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C.W.,<br><br>A Person Coming Under the Juvenile Court Law.<br>_____<br><br>HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>K.W.,<br><br>     Defendant and Appellant. | A168827<br><br>(Humboldt County<br>Super. Ct. No. JV2300069) |

**MEMORANDUM OPINION**[1]

    K.W. (mother) appeals from the juvenile court's dispositional order which removed C.W. from her custody pursuant to Welfare and Institutions Code section 361, subdivision (c)(1).  Mother's appointed counsel on appeal filed a brief pursuant to *In re Sade C.* (1996) 13 Cal.4th 952 and

---

    [1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

1

*In re Phoenix H.* (2009) 47 Cal.4th 835, stating that she found no arguable issues.  After mother submitted a supplemental brief, we issued an order finding that she "made a showing of good cause that there is an arguable issue" and requested supplemental briefing on whether mother was "deprived of effective assistance of counsel based on her counsel's failure to object to the admission of a video depicting [her] smoking a white powder before she testified or on the ground that the video was recorded in violation of Penal Code section 632."  After reviewing the supplemental briefing, we now dismiss the appeal as untimely.  Moreover, even if we did reach the merits of the one arguable issue raised by mother, we would affirm.

On April 17, 2023, respondent Humboldt County Department of Health and Human Services (Department) filed a juvenile dependency petition under Welfare and Institutions Code section 300 on behalf of then 22-month-old C.W.  The petition alleged that C.W. was "at substantial risk of serious physical harm" because mother was using and exposing C.W. to illegal substances.  Mother allegedly "used methamphetamine in the child's presence multiple times."  C.W.'s father also admitted to using methamphetamine and fentanyl.  A "bulbous pipe with white residue" was found in C.W.'s diaper bag, and each parent claimed that it belonged to the other parent.

In its detention report, the Department noted that it had received a video that father had recorded on his phone showing mother "holding a bulbous pipe," lighting it, and blowing out smoke while C.W. was in the same room.  At the detention hearing, mother was appointed counsel and denied the allegations in the petition.  The juvenile court issued a detention order removing C.W. from mother's custody and requiring hair follicle testing for C.W.  Mother also agreed to submit to a hair follicle test.

2

In its jurisdiction report, the Department recommended that the juvenile court sustain the petition and set the matter for a disposition hearing. The report stated that mother declined to do a hair follicle test but submitted to a urine test, which came back negative for the substances tested. Hair follicle testing for C.W. came back positive for methamphetamine. In its addendum to the report, the Department attached several screenshots from father's video showing mother smoking methamphetamine with C.W. in the same room. At the contested jurisdictional hearing, mother testified and admitted that the screenshots were of her "smoking meth" with C.W. in her presence. Mother's counsel later objected to the screenshots based on lack of foundation. The court overruled the objection based on mother's testimony, found the allegations in the petition true by a preponderance of the evidence, and sustained the petition.

In its disposition report, the Department concluded that C.W. could not be safely returned to mother's care at that time and recommended that mother "be offered reunification services to continue to address the concerns of substance use and work toward the goals outlined in the case plan." Mother requested a contested dispositional hearing. At the July 26, 2023 dispositional hearing, however, mother's counsel stated that mother was submitting to the recommended findings and orders and was "exploring entering residential treatment within the next few days." Mother was present at this hearing. Accordingly, the juvenile court adopted the Department's recommendations, declared C.W. a dependent of the court, and ordered reunification services for mother.

On September 26, 2023, mother (in pro per) filed a notice of appeal. The Department contends that mother's appeal is procedurally defective

3

because she failed to file her notice of appeal within the 60-day statutory period. (Cal. Rules of Court, rule 8.406, subd. (a)(1).) We agree. "The time for appeal of an order made in a dependency case is 60 days from the date of the order's pronouncement in open court." (*In re A.J.* (2022) 77 Cal.App.5th 7, 16.) Here, mother's notice of appeal was filed 62 days after the juvenile court pronounced its findings and orders at the dispositional hearing. Because she offers no explanation for her delay in filing that notice, her appeal is untimely.[2]

In any event, we note that even if mother's appeal was timely, she still would not prevail. As to the one arguable issue that she did raise, Mother argues that she was deprived of effective assistance of counsel because her counsel failed to object to the admission of the "video evidence" of her smoking methamphetamine in C.W.'s presence before she testified. Mother contends that her counsel should have objected pursuant to Penal Code section 632, which prohibits the recording of confidential communications without the consent of all parties to the communication and renders any such recording inadmissible "in any judicial . . . proceeding." (Pen. Code, § 632, subd. (d).) The Department, however, only submitted *screenshots* from father's video. It did not submit a *recording* of any communication, including the video itself. Penal Code section 632 therefore does not apply. (See *People v. Drennan* (2000) 84 Cal.App.4th 1349, 1358.) Accordingly, mother has not shown that her trial counsel " 'failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates.' " (*In re Kristen H.* (1996) 46 Cal.App.4th 1635, 1662.)

---

[2] For example, mother did not contend that the untimeliness of her notice of appeal should be excused due to attorney error. (See *In re A.R.* (2021) 11 Cal.5th 234, 257-258.)

## DISPOSITION

The appeal is dismissed.

_____

CHOU, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*In re C.W.* (A168827)